**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-18-0000228**
**15-FEB-2024**
**07:56 AM**
**Dkt. 89 SO**

NO. CAAP-18-0000228


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


KATHERINE A. WOLF, Personal Representative of the
Estate of Beverly H. Wolf, Deceased, Plaintiff-Appellant,
v.
HENRY J. HEIS, GRUNEWALD EQUITY FUNDING, INC., a Hawaii
corporation; FIRST HAWAII TITLE CORPORATION dba NEXTITLE;
FIRST AMERICAN TITLE COMPANY, INC., Defendants-Appellees; and
JOHN DOES 1-10; JANE DOES 1-10; and DOE ENTITIES 3-10,
Defendants


APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CIVIL NO. 5CC161000127)


**SUMMARY DISPOSITION ORDER**
(By: Hiraoka, Presiding Judge, Wadsworth and McCullen, JJ.)


Katherine A. **Wolf** appeals from the Final Judgment
entered by the Circuit Court of the Fifth Circuit on March 12,
2018.[1] Wolf challenges the July 17, 2017 order granting the
motion to dismiss her second amended complaint filed by First
American Title Company, Inc. (**FATCO**) and the July 28, 2017 order
granting the motion to dismiss filed by First Hawaii Title
Corporation doing business as **Nextitle**. We vacate and remand.

We review a circuit court's ruling on a motion to
dismiss de novo, under the same standard applied by the circuit
court. Bank of Am., N.A. v. Reyes-Toledo, 143 Hawaiʻi 249, 256-

---

[1] The Honorable Randal G.B. Valenciano presided.

57, 428 P.3d 761, 768-69 (2018). A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts supporting their claim that would entitle them to relief. Id. at 257, 428 P.3d at 769. We view the factual allegations in the complaint in a light most favorable to the plaintiff to determine whether they could warrant relief *under any legal theory*.[2] Id.

Wolf is the personal representative of the estate of her late mother, **Beverly** H. Wolf. The second amended complaint alleged that Beverly used Henry J. Heis and his company, Grunewald Equity Funding, Inc. (together, **Heis**) to broker loans — with Beverly as the lender — secured by mortgages on real property in Hawai'i. When a loan became due or the real property securing it was sold, an escrow was opened to process payments and documentation. In at least three transactions the escrow — either FATCO or Nextitle — paid the loan proceeds to Heis, even though it was instructed to pay Beverly. Beverly "lost money [that was] due to her."

FATCO and Nextitle both cite DeMello v. Home Escrow, Inc., 4 Haw. App. 41, 659 P.2d 759 (1983), and argue they owed no legal duty to Beverly because she was not a party to the escrow agreements. We held in DeMello that the defendant escrow company owed no *fiduciary* duty to the plaintiff, who was not a signatory to the escrow agreement. Id. at 47, 659 P.2d at 763. Viewing the allegations in the second amended complaint in the light most favorable to Wolf, Beverly was an intended third-party beneficiary of the escrow agreements. Ass'n of Apt. Owners of Newtown Meadows v. Venture 15, Inc., 115 Hawai'i 232, 269–70, 167 P.3d 225, 262–63 (2007); see Hough v. Pac. Ins. Co., 83 Hawai'i 457, 468, 927 P.2d 858, 869 (1996) (holding that insurer owed contractual duties to employer's employee as intended third-party beneficiary of employer's workers compensation policy).

---

[2] Hawai'i is a notice-pleading jurisdiction where it is "not necessary to plead legal theories with precision." Reyes-Toledo, 143 Hawai'i at 259, 428 P.3d at 771 (cleaned up).

As to Nextitle, we must assume this allegation to be true for purposes of its motion to dismiss because none of Nextitle's escrow instructions were attached to the second amended complaint.[3]

FATCO's escrow agreement (Exhibit 5 to the second amended complaint) contains the instruction "All proceeds to be sent to 1st lien holder [sic]" in handwriting. On this record, the circuit court erred by granting the motions to dismiss because the second amended complaint stated an intended-third-party-beneficiary claim for breach of contract.

FATCO and Nextitle both argue that Wolf's claims are time-barred under Hawaii Revised Statutes (**HRS**) § 657-7 (two years for damage to persons or property). But the six-year limitation period under HRS § 657-1 (2016) applies to Wolf's claims based on Beverly being an intended third-party beneficiary of the escrow agreements. That period began to run when Beverly's cause of action accrued. Beverly's intended-third-party-beneficiary claim for breach of contract accrued when she knew or should have discovered that the defendant breached the contract — the escrow agreement. Blair v. Ing, 95 Hawaiʻi 247, 264, 21 P.3d 452, 469 (2001). When that was for each escrow agreement at issue is a question of fact that could not have been resolved on a motion to dismiss. See Newtown Meadows, 115 Hawaiʻi at 277, 167 P.3d at 270.

For these reasons, the July 17, 2017 "Order Granting Defendant First American Title Company, Inc.'s Motion to Dismiss Plaintiff's Second Amended Complaint[,]" the July 28, 2017 "Order Granting Defendant First Hawaii Title Corporation dba Nextitle's Motion to Dismiss Plaintiff's Second Amended Complaint[,]" and

---

[3] Wolf's memorandum in opposition to Nextitle's motion to dismiss included an exhibit that appears to be escrow instructions. The record (which does not include the transcript of the hearing on Nextitle's motion) does not indicate whether the circuit court excluded the exhibit or considered it, which would have converted the motion to dismiss into a motion for summary judgment. See Hawaiʻi Rules of Civil Procedure Rule 12(b). We do not consider the exhibit and express no opinion about its contents, or lack thereof.

the "Final Judgment" entered on March 12, 2018, are vacated, and this case is remanded for further proceedings consistent with this summary disposition order.

DATED:  Honolulu, Hawaiʻi, February 15, 2024.

On the briefs:

Gary G. Grimmer,
Ann Correa,
for Plaintiff-Appellant.

Calvin E. Young,
David J. Hoftiezer,
Deirdre Marie-Iha,
for Defendant-Appellee First
Hawaii Title Corporation dba
Nextitle.

Michael C. Bird,
Summer H. Kaiawe,
for Defendant-Appellee
First American Title Company, Inc.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge